UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X
JOHN MANGINO,

                              Plaintiff,                          Civil Action No:

               -against-                          **12-CV-05434 (JMA) (AKT)**

TOWN OF BABYLON,
MARYANN ANDERSON, SR., Zoning Inspector,        **PLAINTIFFS' PROPOSED**
NORMA VARLEY, Senior Zoning Inspector,            **JURY INSTRUCTIONS**
ROSARIO CASSATA, Process Server,
ARTHUR W. CLEMENS, Process Server,
ANN MARIE JONES, Commissioner Planning & Development,      Hon. Joan M. Azrack
Senior Supervisor of Building Department,
Senior Supervisor of Rental Permit Program,
Senior Supervisor and/or Process Service Entity,
as "JOHN AND JANE DOES", Unidentified Employees
and Agents of the Town of Babylon, each individually and
in their official capacities,

                              Defendants.
------------------------------------------------------------------------------X

      Plaintiff JOHN MANGINO submits the following proposed jury

instructions:

      Members of the Jury, you have now heard all of the evidence in the case, as

well as the final closing statements of the lawyers for the parties.  I am now going

to instruct you on the law.


1.    <u>D</u>UTY <u>O</u>F <u>J</u>URY <u>T</u>O <u>F</u>OLLOW <u>I</u>NSTRUCTIONS

    *Adapted from Instruction 2.06.2 Schwartz and Pratt Section 1983 Litigation*
    *Jury Instructions Second Edition Volume 4*

Ladies and gentlemen: You are now the jury in this case. It is my duty to instruct you on the law.

You must not infer from these instructions, or from anything I may say or do, any indication that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with the law or not. You must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

2.    **CONDUCT OF JURORS**

*Adapted from Instruction 2.06.1 Schwartz and Pratt Section 1983 Litigation Jury Instructions Second Edition Volume 4*

To insure the fairness of the decision making process you as jurors must obey the following rules:

*First*, do not talk among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to deliberate on your verdict.

*Second*, do not talk with anyone else about this case, or about anyone involved with it, until the trial has ended and you have been discharged as jurors.

*Third*, when you are outside the courtroom, do not let anyone tell you anything about the case or about anyone involved with it until the trial has ended and your verdict has been accepted by me. If someone should try to talk to you about the case during the trial, please report it to me.

*Fourth*, during the trial you should not talk with or speak to any of the parties, lawyers, or witnesses involved in this case. You should not spend time with any of them. It is important not only that you do justice in this case, but that you also give the appearance of doing justice. If a person from one side of the lawsuit sees you talking to a person from the other side, even if it is simply to pass the time of day, suspicion about your fairness might be aroused. If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, or the like, remember it is because they are not supposed to talk or visit with you either.

*Fifth*, do not read any news, magazine, or Internet stories or articles about the case, or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it.

*Sixth*, do not do any research or make any investigation about the case on your own.

*Seventh*, do not make up your mind during the trial about what the verdict should be. Keep an open mind until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence.

3.    **BURDEN OF PROOF**

*Adapted from Instruction 2.02.1 Schwartz and Pratt Section 1983 Litigation Jury Instructions Second Edition Volume 4*

At various times in these instructions I will use the term "burden of proof" in order to inform you which party has the burden of proof on a particular claim or a particular issue.

The party who has the burden of proof on a particular issue has the burden of establishing his position on that issue by a preponderance of the evidence.  If you conclude that the party who has the burden of proof on an issue has failed to establish his position by a preponderance of the evidence, you must decide against that party on that issue.

What does preponderance of the evidence mean? A fact is established by a preponderance of the evidence when it is shown that the fact is more likely true than not true.  You are to determine whether a fact is established by a preponderance of the evidence on the basis of the quality and persuasiveness of the evidence, not on the basis of the number of witnesses or exhibits.  In determining whether a fact has been proved by a preponderance of the evidence, you should consider all of the relevant evidence.  You should consider the relevant testimony of witnesses, regardless of which party may have called them, and the relevant exhibits received in evidence, regardless of which party may have introduced them.

What if you find that the credible evidence of a particular fact is evenly divided between the parties, that it is equally probable that one side is right as it is that the other side is right?  In that case you must decide that issue against the party who has the burden of proof.  This is because the party who bears the burden of proof must establish more than equality of evidence; he must prove the fact at issue by a preponderance of the evidence.  On the other hand, the party with the burden of proof is not required to prove more than preponderance.  As long as you find that the balance tips, however slightly, in favor of the party with the burden of proof, so that the fact is more likely true than not true, that fact will have been proved by a preponderance of the evidence.

You may have heard the phrase proof beyond a reasonable doubt.  This is the standard of proof required in a criminal trial.  That requirement does not apply in a civil case such as this.

**4.    DIRECT AND CIRCUMSTANTIAL EVIDENCE**

*Adapted from Instruction 2.03.1 Schwartz and Pratt Section 1983 Litigation Jury Instructions Second Edition Volume 4*

I told you that evidence comes in various forms such as the sworn testimony of witnesses, exhibits, and stipulations. In addition, there are two different kinds of evidence—direct evidence and circumstantial evidence.

Direct evidence can prove a material fact by itself. It doesn't require any other evidence. It doesn't require you to draw any inferences. A witness's testimony is direct evidence when the witness testifies to what she saw, heard, or felt. In other words, when a witness testifies about what is known from her own personal knowledge by virtue of her own senses, what she sees, touches, or hears—that is direct evidence. The only question is whether you believe the witness's testimony. A document or physical object may also be direct evidence when it can prove a relevant fact by itself, without any other evidence or inference. You may, of course, have to determine the genuineness of the document or object.

Circumstantial evidence is the opposite of direct evidence. It cannot prove a material fact by itself. Rather, it is evidence that tends to prove a material fact when considered together with other evidence and by drawing inferences.

There is a simple example of circumstantial evidence which is often used in the federal courts. Assume that when you got up this morning it was a nice, sunny day. But when you looked around you noticed that the streets and sidewalks were very wet. You had no direct evidence that it rained during the night. But, on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to infer that it had rained during the night.

Not all circumstantial evidence presents such a clear compelling inference; the strength of the inferences arising from circumstantial evidence is for you to determine. It is for you to decide how much weight to give to any evidence.

Inference from circumstantial evidence may be drawn on the basis of reason, experience, and common sense. Inferences may not, however, be drawn by guesswork, speculation, or conjecture.

The law does not require a party to introduce direct evidence. A party may prove a fact based entirely on circumstantial evidence, or upon a combination of direct and circumstantial evidence. Circumstantial evidence is not less valuable than direct evidence. The law makes no distinction between direct and circumstantial evidence. You are to consider all of the evidence in the case, both

direct and circumstantial, in determining what the facts are, and in arriving at your verdict.

**5.    CREDIBITITY OF WITNESSES**

*Adapted from Instruction 2.03.2 Schwartz and Pratt Section 1983 Litigation Jury Instructions Second Edition Volume 4*

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. It is solely for you, the jury, to determine the credibility of a witness's testimony. Credibility means the believability of a witness's testimony. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.    The opportunity and ability of the witness to see or hear or know the thing testified to;

2.    The witness' memory;

3.    The witness' manner while testifying;

4.    The witness' interest in the outcome of the case and any bias or prejudice she may have.

5.    Whether other evidence contradicted the witness' testimony;

6.    The reasonableness of the witness' testimony in light of all the evidence; and

7.    Any other factors that bear on believability.

**6.    PRIOR INCONSISTENT STATEMENTS**

*Adapted from Instruction 2.03.2.1 Schwartz and Pratt Section 1983 Litigation Jury Instructions Second Edition Volume 4*

You have heard evidence that, at some earlier time, a witness said something that counsel argues is inconsistent with her trial testimony.

Evidence of a prior inconsistent statement was placed before you for the purpose of helping you decide whether to believe the trial testimony of a witness whose testimony may appear to be inconsistent with what the witness said on a prior occasion. If you find that the witness made an earlier statement that conflicts with the witness's trial testimony, you may consider that fact in deciding how much of the witness's trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false prior inconsistent statement, or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or a small detail; and whether the witness had an explanation for the inconsistency and, if so, whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so, how much weight, if any, to give to the inconsistent statement in determining whether to believe all, or part of, the witness's testimony.

7.    **BIAS OF WITNESS**

*Adapted from Instruction 2.03.3.1 Schwartz and Pratt Section 1983
Litigation Jury Instructions Second Edition Volume 4*

In deciding whether to believe a witness, you should consider any evidence of the witness's bias, or any interest or motive that the witness may have in favor or against a particular party. You should also take into account any evidence that a witness may benefit in some way from the outcome of the case.

It is your duty to consider whether the witness has permitted any bias or interest to color his or her testimony. In short, if you find that a witness is biased, you should view his or her testimony with caution, weigh it with care, and subject it to close and searching scrutiny.

Of course, the mere fact that a witness has some bias, or some interest in the outcome of the case, does not mean he or she has not told the truth. It is for you, the jury, to decide from your observations, and applying your common sense and experience, whether the possible interest of any witness, or of any party, has colored or distorted his or her testimony. You are not required to disbelieve an interested witness. You may accept as much of his or her testimony as you deem reliable and reject as much as you deem unworthy of acceptance.

**8.**    **STATE EMPLOYEE WITNESSES**

*Adapted from Instruction 2.03.6 Schwartz and Pratt Section 1983 Litigation Jury Instructions Second Edition Volume 4*

During this trial you have heard the testimony of a number of witnesses, some of whom are employees of the Village of Patchogue. The testimony of a government employee is not necessarily deserving of more or less consideration, or greater or lesser weight, than that of an ordinary witness.

At the same time, it is quite legitimate for the plaintiff's counsel to try to attack the credibility of a municipal employee witness on the ground that his testimony may be colored by a personal or professional interest in the case. It is your decision, after reviewing all of the evidence, whether to accept the testimony of the municipal employee and to give that testimony whatever weight, if any, you find that it deserves.

**9.**    **POLICE OFFICER AND CIVILIAN WITNESSES**

*Adapted from Instruction 2.03.7 Schwartz and Pratt Section 1983 Litigation Jury Instructions Second Edition Volume 4*

[NOTE: Applicable only if this witness is called or portions of her deposition transcript are read at trial]

You have heard the testimony of witnesses who are civilians and the testimony of Maryann Anderson who is Senior Zoning Inspector.

11

In evaluating this testimony, you are to apply the same standards of evaluation to each witness. You shall not give any greater or lesser weight to the testimony of a witness solely because of her occupation as a Senior Zoning Inspector.

**10.    POLICE OFFICER WITNESS - BIAS**

*Adapted from Instruction 2.03.8 Schwartz and Pratt Section 1983 Litigation Jury Instructions Second Edition Volume 4*

[NOTE: Applicable only if this witness is called or portions of her deposition transcript are read at trial]

Senior Zoning Inspector Maryann Anderson testified at the trial, or portions of her testimony before trial were read to you at the trial. At the time of the occurrence involved in this case they she was, and still is, an employee of the defendant Town of Babylon.

The fact that this witness was and still is employed by the Town of Babylon may be considered by you in determining whether her testimony was in any way influenced by her employment relationship with the Town of Babylon.

**11.    ACTION BY PRIVATE CITIZEN AGAINST POLICE OFFICERS— ALL PERSONS STAND EQUAL BEFORE THE LAW**

*Adapted from Instruction 2.03.11 Schwartz and Pratt Section 1983 Litigation Jury Instructions Second Edition Volume 4*

As you know, this action was brought by a private citizen against a Senior Zoning Inspector of the Town of Babylon. This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar station in life. All persons stand equal before the law and are to be dealt with as equals in a court of justice.

## 12.    THE STATUTE, ITS FUNCTION, AND ELEMENTS OF CLAIM FOR RELIEF

*Adapted from Instruction 3.01.1 Schwartz and Pratt Section 1983 Litigation Jury Instructions Second Edition Volume 4*

Plaintiffs assert a claim under a federal civil rights law, 42 U.S.C. §1983. The statute provides a remedy for individuals who have been deprived of their federal constitutional rights under color of state law. Section 1983 states in part that:

> Every person who, under color of [state law], subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the [United States] Constitution and [federal] laws, shall be liable to the party injured [for damages].

Section 1983 creates a form of liability in favor of individuals who have been deprived of rights secured to them by the United States Constitution. It was

passed by Congress to enforce the Fourteenth Amendment of the Constitution. The Fourteenth Amendment provides in relevant part that:

> no state shall…deprive any person of life, liberty, or property, without due process of law nor deny to any person within its jurisdiction the equal protection of the laws.

Section 1983 itself does not establish or create any federally protected right. Rather, it is the statute that allows the plaintiffs in this case to enforce rights guaranteed to them by the federal Constitution. Later in these instructions I will explain to you what these federal constitutional rights are, and what the plaintiffs must demonstrate to prove a violation of these rights.

To establish her claim under Section 1983, the plaintiffs must demonstrate, by a preponderance of the evidence, the following three elements:

First, that the defendants' conduct was under color of state law;

Second, that this conduct deprived the plaintiffs of a right protected by the Constitution of the United States; and

Third, that the defendants' conduct was a proximate cause of the injuries and damages sustained by the plaintiffs.

I will explain each of these elements to you.

*First Element: Color of Law*

As to the first element—whether the defendants were acting under color of state law—there is no dispute in this case that during the events in issue here the defendants were acting under color of law. Therefore, you need not concern yourself with this element of the plaintiffs' case.

*Second Element: Deprivation of a Federal Right*

The second element of the plaintiff's claim is that defendants' conduct deprived plaintiff of a federal right. Plaintiff claims in this case that he was deprived of his right to be free from retaliation under the First Amendment to the federal Constitution. I will explain the elements of the plaintiff's First Amendment claim later in these instructions.

*Third Element: Proximate Cause*

The third element the plaintiff must prove is that the defendants' conduct was a proximate cause of plaintiff's injury and damage. Under Section 1983 the defendants are responsible for the natural consequences of their actions. An act is a proximate cause if it was a substantial factor in bringing about the plaintiff's injury. You must determine whether injury or damage suffered by the plaintiff was a reasonably foreseeable consequence of the defendant's conduct. An injury that is a direct result, or a reasonable probable consequence of a defendant's conduct, was

proximately caused by that conduct. The question is whether a reasonable person would regard defendants' conduct as being a cause of the injury. If so, the conduct is a proximate cause.

A proximate cause need not always be the nearest cause either in time or in location. In addition, the law recognizes that there may be more than one proximate cause of an injury. Many factors, or the conduct of two or more people, may operate at the same time, either independently or together, to cause an injury.

### 13.    NO SPECIFIC INTENT

*Adapted from Instruction 3.02.1 Schwartz and Pratt Section 1983 Litigation Jury Instructions Second Edition Volume 4*

Section 1983 does not require the plaintiff to demonstrate that the defendants acted willfully, or with the specific intent to violate the plaintiff's federally protected rights. Nor does §1983 require the plaintiff to show that the defendants abused governmental power.

### 14.    BURDEN OF PROOF ON SECTION 1983 ELEMENTS

*Adapted from Instruction 3.03.1 Schwartz and Pratt Section 1983 Litigation Jury Instructions Second Edition Volume 4*

The plaintiff has the burden of proving each element of his §1983 claim by a preponderance of the evidence. Preponderance of the evidence means that it is more likely than not that the fact occurred.

Thus, in order to prevail on his claim, the plaintiff must persuade you that it is more likely than not: first, that the defendants engaged in the alleged conduct under color of state law; second, that the conduct deprived the plaintiff of a right protected by the federal Constitution; and third, that the defendants' conduct was the proximate cause of the injuries and damages sustained by the plaintiff.

## 15.    COLOR OF STATE LAW—ISSUE NOT IN DISPUTE

*Adapted from Instruction 13.01.1 Schwartz and Pratt Section 1983 Litigation Jury Instructions Second Edition Volume 4*

The plaintiff must establish that the defendants acted under color of state law. Acting under color of state law simply means that the defendants were acting in their capacity as state or municipal officers. There is no dispute that at the time of this incident the defendants were municipal officers acting in an official manner carrying out their official responsibilities. Therefore, I charge you as a matter of law that defendants were acting under color of state law.

16.   **MUNICIPAL LIABILITY—FINAL POLICYMAKING AUTHORITY**

*Adapted from Instruction 15.03.1 Schwartz and Pratt Section 1983 Litigation Jury Instructions Second Edition Volume 4*

In addition to the claims against the individual defendants, the plaintiff has also brought a claim under §1983 against the defendant Town of Babylon. The plaintiff has alleged that the defendant Town of Babylon, acting through its chief policy-making officials, caused injury to him pursuant to a policy or custom of the Town of Babylon.

In order to hold a municipal entity such as the Town of Babylon liable under §1983, the plaintiff must demonstrate that his federally protected rights were violated pursuant to the enforcement of a municipal custom or policy.

I have determined as a matter of law that defendant Ann Marie Jones, Commissioner Planning & Development, was a policy-making official whose actions may be attributed to the defendant Town of Babylon in this case. You must determine whether his final actions affirmatively caused the deprivation of the plaintiffs' federally protected rights.

17.  **RETALIATION CLAIM**

*Adapted from Instruction 4.02.1 Schwartz and Pratt Section 1983 Litigation Jury Instructions Second Edition Volume 4*

The plaintiff alleges that the defendants deprived him of his right to free speech under the First Amendment to the Constitution of the United States. Specifically, the plaintiff alleges that

In order to prove his claim against the defendantS, the plaintiff must establish the following two elements of his claim: First, that he engaged in speech protected by the free speech clause of the First Amendment; and second, that these acts of speech were a substantial or motivating factor in the defendants' decision to take adverse actions against him.

Let's turn to the first element. The question of whether plaintiff's challenge of the Town's practices and procedures is protected by the First Amendment is a question of law for me to decide. In this case, I have decided as a matter of law that the plaintiffs speech on the following matter was protected by the First Amendment because it involved his right to voice objection to Town officials and to petition for redress of grievances. Therefore, you need not be concerned with this issue.

Protected speech may be either written or oral. Some of the plaintiff's protected speech is contained in written statements. For example, the plaintiff's letters to Town officials and documents filed in Court in defense of proceedings

brought against him are examples of written statements containing protected speech.

In addition, witnesses have testified about the existence or nonexistence of oral statements by the plaintiff that are within the categories of protected speech that I have described to you. With regard to these alleged oral statements by the plaintiff, you must determine whether the plaintiff actually made the oral complaints before you can consider whether or not the defendants took action against him for exercising his First Amendment right of free speech.

You must determine, therefore, whether the plaintiff, in fact, made certain types of statements that are within the two categories of protected speech that I have described to you. If he did not, then you must decide for the defendants. If he did make these statements, then you must turn to the second element of plaintiff's claim.

The second element requires the plaintiff to show that at least some of his protected speech was a substantial or motivating factor in a defendants' decision to take adverse actions against him. The plaintiff's protected speech was a substantial or motivating factor in a defendant's decision if it played a substantial role in a defendant's decision to take adverse actions against him.

A defendant may have taken action against the plaintiff for a combination of different reasons. If so, you must determine whether one of those reasons was that

the plaintiff engaged in protected speech. If this was one of those reasons, then you must decide whether plaintiff's exercise of his free speech rights played a substantial role in the decision to terminate the plaintiff. If it did play a substantial role in a defendant's decision to terminate the plaintiff, then you must find that the plaintiff's protected speech was a substantial or motivating factor in the defendant's decision. If the plaintiff has failed to prove this element by a preponderance of the evidence, then you will find for the defendant. A defendant may have taken action against the plaintiff for no reason at all. If that was the case, the plaintiff's speech was obviously not a substantial or motivating factor in the defendant's decision to take adverse actions against him. A defendant may have taken action against the plaintiff for only one reason. If the only reason for the defendants' actions was that the plaintiff engaged in protected speech, you must find that the plaintiff's speech was a substantial or motivating factor in that defendant's decision to terminate the plaintiff's employment.

The mere fact that the plaintiff was subjected to adverse action against him does not establish his First Amendment claim, even though you may feel that the such adverse actions were unwarranted or unreasonable. In order for the plaintiff to prevail on his claim, you must find that his protected speech was a substantial or motivating factor in a defendants' decision to take the adverse actions against him.

The plaintiff is not required to produce direct proof of unlawful motive, intent or design. A motive, intent, or design to violate a person's constitutional rights, if it exists, is seldom admitted directly and, if it exists, may be shown from the existence of other facts. The law does not distinguish between direct and circumstantial evidence.

## 18.   PROXIMATE CAUSE—GENERAL INSTRUCTION

*Adapted from Instruction 14.01.1 Schwartz and Pratt Section 1983 Litigation Jury Instructions Second Edition Volume 4*

If plaintiff proves the first two elements of his Section 1983 claim, first, that one or both of the defendants acted under color of state law, and second, that one or both of the defendants deprived him of his constitutional right to free from retaliation—then you must determine whether the plaintiff has proved the third element of his claim, namely, causation. Plaintiff must demonstrate that the conduct of the defendants was a proximate cause of his damages. Damages are proximately caused by the defendants' conduct whenever it appears from the evidence that (1) the conduct played a substantial role in bringing about the damage, and (2) the damage was either a direct result or a reasonably probable consequence of the defendants' conduct. Stated differently, the issue is whether a reasonable person would view the defendants' conduct as a cause of the plaintiff's damages.

To recover for damages, the plaintiff must show by a preponderance of the evidence that the conduct of the defendants played a substantial role in bringing about their damages.

If you find that the plaintiff complains about a damage that was not proximately caused by the defendants' conduct, you may not award the plaintiff for that damage.

19.    **CAUTIONARY INSTRUCTION ON DAMAGES**

*Adapted from Instruction 2.05.1 Schwartz and Pratt Section 1983 Litigation Jury Instructions Second Edition Volume 4*

If you find that the plaintiff has proved by a preponderance of the evidence all of the elements of plaintiff's claim for relief for the alleged violation of his federal rights, you must then decide if he suffered any damages as a result of the violation.

The fact that I am giving you instructions on damages does not mean that you must reach the issue of damages; nor does it mean that I have any opinion as to liability one way or the other. It is for you alone to decide in accordance with my instructions whether a defendant whom you are considering is liable.

You should not reach the issue of damages unless you find that the plaintiff has established liability on at least one of his Section 1983 claims.

Should you decide that the plaintiff has proved his claim by a preponderance of the evidence, you must consider awarding three types of damages: compensatory damages, nominal damages, and punitive damages.

## 20.    COMPENSATORY DAMAGES—GENERAL PRINCIPLES

*Adapted from Instruction 18.01.1 Schwartz and Pratt Section 1983 Litigation Jury Instructions Second Edition Volume 4*

If you find that the defendants are liable to the plaintiff, then you must determine an amount that is fair compensation for all of the plaintiff's damages. These damages are called compensatory damages. The purpose of compensatory damages is to make the plaintiff whole—that is, to compensate the plaintiff for the damage that the plaintiff has suffered. Compensatory damages are not limited to expenses that the plaintiff may have incurred because of the violation of his rights. If the plaintiff wins, they are entitled to, in addition to his expenses incurred as a result of the violations, compensatory damages for the emotional distress, suffering, mental anguish, shock, and discomfort that they have suffered because of the defendants' conduct.

You may make a compensatory award only for damages that the plaintiff has proven were proximately caused by the defendants' allegedly wrongful conduct. The damages that you award must be fair compensation for all of the plaintiff's damages, no more and no less. Compensatory damages are not allowed as a

punishment and cannot be imposed or increased to penalize the defendants. You should not award compensatory damages for speculative losses, but only for those damages which the plaintiff has actually suffered, or that the plaintiff is reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that the plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstance permit.

You must use sound discretion in fixing an award of compensatory damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances.

## 21. COMPENSATORY DAMAGES—PAIN, SUFFERING, AND EMOTIONAL DISTRESS

*Adapted from Instruction 18.01.5 Schwartz and Pratt Section 1983 Litigation Jury Instructions Second Edition Volume 4*

In assessing compensatory damages, you may include an amount for pain, suffering, and emotional distress that you determine to be reasonable compensation in the light of all the evidence in this case. We all know that the nature and degree

of pain and mental distress may differ widely from person to person.

Consequently, the law does not have a precise formula by which pain or emotional distress as an element of compensatory damages may be measured and reduced to dollars and cents. Instead of providing a formula for measuring these damages, the law leaves the determination of the amount of damages to the common sense and good judgment of you, the jurors. You should arrive at a monetary amount, in the light of your common knowledge and general experience, and without regard to sentiment, that you find to be fair, reasonable, and adequate.

In other words, without favor, without sympathy, and without any precise formula, you must arrive at a sum of money that will justly, fairly, and adequately compensate the plaintiffs for the actual pain, suffering, and emotional distress you find that they endured as the direct result of any constitutional deprivation they may have suffered. The amount of damages should be neither excessive nor inadequate. It should be fair, just, and reasonable.

## 22.  INDEMNIFICATION OF COMPENSATORY DAMAGES

*Adapted from Instruction 18.08.1 Schwartz and Pratt Section 1983 Litigation Jury Instructions Second Edition Volume 4*

The Town of Babylon is authorized to indemnify the individual defendants for any compensatory damages that you may award against them. Nevertheless, you must determine the amount of compensatory damages you award to the

plaintiff, if any, without regard to whether or not the Town of Babylon will in fact

indemnify the individual defendants. The amount of compensatory damages

awarded should be based solely upon the damages actually suffered by the plaintiff

and without regard to the defendants' financial circumstances.

### 23.  NOMINAL DAMAGES

*Adapted from Instruction 18.03.1 Schwartz and Pratt Section 1983
Litigation Jury Instructions Second Edition Volume 4*

If you return a verdict in the plaintiff's favor on their §1983 claim, but find

that he failed to meet his burden of proving that he suffered any actual damages,

then you must award the plaintiff ''nominal damages'' not to exceed one dollar.

Nominal damages are the law's way of recognizing that constitutional rights must

be scrupulously observed, even when constitutional violations have not been

shown to have caused actual injury.

### 24.  PUNITIVE DAMAGES

*Adapted from Instruction 18.07.1 and 18.07.02 Schwartz and Pratt Section
1983 Litigation Jury Instructions Second Edition Volume 4*

If you have awarded the plaintiff either compensatory or nominal damages,

the law permits the jury, under certain circumstances, to award the plaintiff

punitive damages in order to punish the wrongdoer for the violation of

constitutional rights brought about by extraordinary misconduct, and to serve as an example or warning to others not to engage in such conduct.

If you, the jury, should find, from a preponderance of the evidence, that the conduct of the defendants that proximately caused injury or damage to the plaintiff was maliciously, or wantonly, or oppressively done, then the jury may, if in the exercise of discretion they unanimously choose to do so, award such amount as the jury shall unanimously agree to be proper as punitive damages.

An act or a failure to act is maliciously done if prompted or accompanied by ill will, or spite, or grudge, either toward the injured person individually or toward all persons in any group or category of which the injured person is a member. An act or a failure to act is wantonly done if done in reckless disregard of, or callous disregard of, or indifference to the rights of, one or more persons, including the injured person.

An act or a failure to act is oppressively done if done in a way or manner that injures, or damages, or otherwise violates the rights of another person with unnecessary harshness or severity, as by misuse or abuse of authority or power, or by taking advantage of some weakness, or disability, or misfortune of another person.

Whether or not to make an award of punitive damages is a matter exclusively within the discretion of the jury. When awarded, the amount of such

extraordinary damages must be fixed with calm discretion and sound reason, and must never be either awarded or fixed in amount because of any sympathy, or bias, or prejudice with respect to any party to the case. In fixing the amount of punitive damages, you must consider the degree of reprehensibility of the defendants' conduct and the relationship between the amount of punitive damages to any actual harm inflicted upon the plaintiff.

The purposes of punitive damages are to punish the defendant for shocking conduct and to set an example in order to deter him and others from committing similar acts in the future. Punitive damages are also intended to protect the community and to be an expression of the jury's indignation at the defendants' misconduct.

You must use sound reason in setting the amount of punitive damages to award. It must not reflect bias, prejudice or sympathy toward any party, but the amount should be in a sum that you believe necessary to fulfill the purposes of punitive damages. In this regard, in fixing the amount of punitive damages, you should consider:

- One, the nature of the defendants' conduct against the plaintiff;

- Two, the impact of the defendants' conduct on the plaintiff;

- Three, the relationship between the defendants and the plaintiff;

- And four, the likelihood that the defendants would repeat the conduct

if a punitive award is not made.

Accordingly, any award of punitive damages should be fixed in amount that will sufficiently punish the defendants for their individual conduct and warn others not to engage in similar conduct.

25. **PUNITIVE DAMAGES–MULTIPLE DEFENDANTS–MUNICIPALITY NOT SUBJECT TO PUNITIVE DAMAGES**

*Adapted from Instruction 18.07.7 Schwartz and Pratt Section 1983 Litigation Jury Instructions Second Edition Volume 4*

I instruct you that the defendant Town of Babylon is absolutely immune from punitive damages. Even if you find any individual defendant to be liable for punitive damages for this violation of the plaintiff's federal rights, you cannot award punitive damages against the Town of Babylon.

26. **INDEMNIFICATION OF PUNITIVE DAMAGES**

*Adapted from Instruction 18.08.02 Schwartz and Pratt Section 1983 Litigation Jury Instructions Second Edition Volume 4*

[NOTE: to be confirmed]

The Town of Babylon has agreed to indemnify the individual defendants for any punitive damages that may be awarded against them in this case. If you decide to award punitive damages against any individual defendant, in fixing the amount of punitive damages, you may consider the fact that the Town of Babylon will

indemnify said individual defendant. Given the Town of Babylon's decision to indemnify the individual defendants, you may consider the amount of punitive damages, if any, that may be necessary to stimulate actions by the Town of Babylon to punish and deter the individual defendants and other officers from repeating the type of unconstitutional conduct they engaged in.


**27.    INCOME TAX CONSEQUENCES OF COMPENSATORY DAMAGES FOR EMOTIONAL INJURIES; NON-PHYSICAL INJURIES AND PUNITIVE DAMAGES**

*Adapted from Instruction 18.09.01 and 18.09.2 Schwartz and Pratt Section 1983 Litigation Jury Instructions Second Edition Volume 4*

I instruct you that the plaintiff will not be required to pay federal income tax on any compensatory damages you may award for their emotional distress.

I further instruct you that the plaintiff will be required to pay federal income tax on any compensatory damages you may award for any non-emotional damages, and for any punitive damages you may award.


**28.    ATTORNEYS' FEES AND COURT COSTS SHOULD NOT BE CONSIDERED**

*Adapted from Instruction 18.01.6 Schwartz and Pratt Section 1983 Litigation Jury Instructions Second Edition Volume 4*

If you should find for the plaintiff on his §1983 claim, you should not take into consideration attorneys' fees or court costs in deciding on the amount of his

compensatory damages. The matter of attorneys' fees and costs will be decided later by the Court.

### 29.    CLOSING REMARKS

Before I allow you to retire to the jury room to deliberate, I would like to offer you some closing remarks. By way of reminder, I charge you once again that it is your responsibility to judge the facts in this case only from the evidence presented during the trial and to apply the law as I have given it to you to the facts as you find them from the evidence.

Keep in mind that nothing I have said in these instructions is intended to suggest to you in any way what I think your verdict should be. That is entirely for you to decide. Your deliberation should include a rational discussion of the evidence in the case by all of you.

In your deliberations, you are entitled to your own opinion, but you should exchange views with your fellow jurors and listen carefully to each other. You should not hesitate to reconsider your opinions from time to time and to change them if you are convinced that they are wrong. However, do not surrender an honest conviction as to weight and effect of the evidence simply to arrive at a verdict.

If the plaintiff has carried his burden of proof as to a claim by establishing every essential element of that claim by a preponderance of the evidence, your sworn duty is to find for him on that claim. If the plaintiff has failed to establish any essential element of his claims, your sworn duty is to find for the defendants.

I instruct you that the decision you reach must be unanimous. You are also to consider each claim against each defendant separately. I instruct you to consider each question on the verdict sheet separately, and your decision on each question must be unanimous.

Remember also that your verdict must be based solely on the evidence in the case and the law as the court has given it to you, not on anything else. Opening statements, closing arguments, or other statements or arguments of the parties are not evidence. If your recollection of the facts differs from the way the parties have stated the facts to be, then your recollection controls.

When you get into the jury room, before you begin your deliberations, your first act will be to select one of you to be the foreperson. The foreperson will be responsible for signing all communications to the court and for handing them to my deputy _____ during your deliberations, but of course the foreperson's vote is entitled to no greater weight than any other juror's.

During the trial, I permitted the taking of notes by those of you who wished to do so. At that time, I pointed out that while you could take notes, there is no

need for your doing so, because the court reporter takes down everything that is

said in the courtroom and during your deliberations the court reporter will read

back to you any portion of the transcript you may ask for. For those of you who did

take notes during the trial, I point out to you and your fellow jurors that your notes

are simply an aid to memory for the particular juror who takes the notes.

You are instructed that your notes are only a tool to aid your own individual

memory and you should not compare your notes with other jurors in your

deliberations. Jurors who did not take notes should not be influenced by the fact

that other jurors have taken notes. Your notes are not evidence, may be inaccurate,

and are by no means a complete recording of the trial testimony.

Any difference between a juror's recollection and another juror's notes

should be settled by asking to have the court reporter to read back the transcript,

for it is the court record rather than any juror's notes upon which the jury must

base its determination of the facts and its verdict.

It is very important that you not communicate with anyone outside the jury

room about your deliberations or about anything touching this case. There is only

one exception to this rule.

If it becomes necessary during your deliberations to communicate with me,

you may send a note, through my deputy, _____, signed by your

foreperson or by one or more members of the jury. No member of the jury should

ever attempt to communicate with me except by a signed writing, and I will never communicate with any member of the jury on any subject touching on the merits of the case other than in writing, or orally here in open court. If you send any notes to the court, do not disclose anything about your deliberations. Specifically, do not disclose to anyone – not even to me - how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.

If during your deliberations you want to see any of the exhibits, they will be sent to you in the jury room upon written request. If you want any of the testimony read, that can also be done. But, please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting exhibits or portions of testimony which you may want.

If you request a readback of testimony, please be patient, as it may take some time to locate and agree upon the specific testimony required.

I have prepared a verdict sheet, which will be given to you. The verdict sheet is given to you to record your verdict after you have reached a verdict in this case. When you have reached a decision, have the foreperson sign the verdict form and put the date on it - and notify my deputy, _____, by note, that you have reached a verdict.

I reiterate that any verdict you reach must be unanimous.

Your oath sums up your duty - and that is - without fear or favor to any person, you will well and truly try the issues in this case according to the evidence given to you in court and the laws of the United States.

This concludes my instructions. Thank you for your close and careful attention.

Members of the jury, you will now retire to deliberate after I swear in my deputy. I do ask that, as your first order of business, you elect a foreperson and send me a note, dated and timed, identifying that foreperson.

Dated: New York, New York
September 17, 2019

Respectfully submitted,

_____
ROBERT A. SIEGEL, ESQ. (RS0499)
*Attorney for Plaintiffs*
JOHN MANGINO
205 East 60th Street
New York, New York 10022
(212) 750-1000