UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JOHN MANGINO,

               Plaintiff,

    -against-                                     **ORDER**
                                                         12-CV-5434 (JMA) (AKT)
TOWN OF BABYLON, MARYANN ANDERSON,
SR., *Zoning Inspector*, ANN MARIE JONES,
*Commissioner Planning & Development, Senior*
*Supervisor of Building Department, Senior Supervisor*
*of Rental Permit Program*, ROSARIO CASSATA,
*Process Server*, ARTHUR W. CLEMENS, *Process*
*Server,* and NORMA VARLEY, *Senior Zoning*
*Inspector*,

               Defendants.
------------------------------------------------------------------------X
**AZRACK, United States District Judge:**

       At this time, the Court does not find a basis to exclude evidence concerning: (1) the method of service used by the Town; and (2) the fact that the Town sought arrest warrants and that such warrants were issued. However, the Court will bifurcate the trial. The Court will first try the issue of liability. If there is a verdict for Plaintiff, the Court will immediately try the issue of damages before the same jury. Accordingly, any damages evidence concerning Plaintiff's arrest, including the fact of Plaintiff's arrest and testimony about the night that Plaintiff spent in jail, will not be admitted during the liability phase of the trial. During the liability trial, Plaintiff may introduce evidence that the Town sought arrest warrants and that such warrants were issued. However, the fact that Plaintiff was ultimately arrested pursuant to one of those warrants will not be introduced during the liability phrase of the trial. Plaintiff's counsel shall not reference Plaintiff's arrest in his opening statement.

       Additionally, by noon on September 22, 2019, the parties shall file letters addressing the following questions:

1) Plaintiff may introduce evidence that he objected to the Town's method of serving the criminal summonses. This evidence is relevant to Plaintiff's retaliation claim because Plaintiff has alleged that his protected speech included various includes court challenges and objections to the Town's method of service. Do the parties intend to introduce any additional evidence or advance any other arguments about the propriety of this method of service? If so, the parties shall identify that evidence and explain why the Court should admit any such evidence.[1]

2) Plaintiff argues that the Town improperly denied his application for a rental permit for 25 W. 1st St. in Deer Park and that, as such, the Town lacked probable cause to issue him summonses for not having a permit for that property. What is Defendants' response to that argument? If Plaintiff sought and was improperly denied a rental permit, why would the Town have probable cause to issue him a summons for not having a rental permit? Defendants shall: (1) identify the alleged basis for probable cause for each of the summonses at issue; and (2) shall also address the deposition of Joseph Wilson at pages 45-50 and 59. Additionally, the parties shall also address the relevance, if any, of Section 153-5(B) of the Babylon Town Code to the question of probable cause.[2]

---

[1] Plaintiff alleges that the Town's continued use of substituted service was in retaliation for his protected activity. (The Court questions how the Town's continued use of substituted service could be considered retaliatory because the Town employed the same method of service when it issued Plaintiff his first ticket in December 2006, years before he engaged in any protected speech.) Even if there were evidence from which a jury could find that the Town's continued use of substituted service was motivated by Plaintiff's protected speech, the Court does not see how the continued use of substituted service—particularly in the context of this case where Plaintiff had actual notice of the summonses—could constitute a concrete harm for purposes of a First Amendment retaliation claim.

[2] Section 153-5(B) of the Babylon Town Code states:

> Based upon the recommendation of the Commissioner of Planning and Development, a late charge for permit fees required by § 153-5 of the Babylon Town Code equal to two times the amount of said fees, prorated for the period of time constituting the overdue period, shall be charged by the Commissioner for all permit renewals required by Town Code Chapter 153 which are overdue, in addition to any such permit fees.

3) What are the parties' positions on probable cause as to the summonses that were issued for Plaintiff's other three properties?

4) What are the parties' positions on: (i) whether there was probable cause for the arrest warrants sought by the Town; and (ii) whether the existence of probable cause for those arrest warrants would preclude a claim that the Town's applications for such warrants were retaliatory.

5) If there was probable cause for the summonses issued to Plaintiff, would that preclude Plaintiff from claiming that the Town's applications for arrest warrants issued in conjunction with those criminal proceedings were retaliatory?

**SO ORDERED.**

Dated: September 20, 2019
 Central Islip, New York

 /s/ (JMA)
 JOAN M. AZRACK
 UNITED STATES DISTRICT JUDGE